Opinion issued November 21, 2003

          




  

 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00288-CV
____________
 
HARRIS COUNTY, Appellant
 
V.
 
CHRISTOPHER LAWSON, Appellee
 

 
 
On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2000-47573
 

 
 
DISSENTING OPINION FROM DENIAL OF 
MOTION FOR REHEARING EN BANC

          I respectfully dissent from denial of rehearing. I believe the original dissenting
opinion that was issued in this case is correct. 
          When a public employee is suspended or terminated for reporting violations
of law by a governmental entity, the Whistleblower Act permits the employee two
exclusive avenues to sue the State. The employee may either (1) exhaust the
grievance proceedings and file suit within 30 days of the date of exhaustion or (2)
terminate the grievance proceedings and file suit within the time remaining under the
Act. Tex. Gov’t Code Ann. § 554.006(d). The majority opinion creates a third
option—the employee may continue grievance proceedings while suing the state. By
holding as it does, the majority overturns established law in this jurisdiction


 and
creates a jurisprudence for plaintiffs within the jurisdiction of this court that is at odds
with the other courts of appeals that have construed the Act,


 with pernicious
consequences.
          By allowing employees to ignore the election provision, the majority permits
employees to pursue grievance proceedings and lawsuits simultaneously in different
forums. It thus invites duplicative proceedings, violating the principle of judicial
economy the legislature intended to further by enacting section 554.006(d) and,
instead, encouraging the waste of judicial and legal resources;


 it discourages
voluntary settlement of employee grievances (an additional purpose of the exhaustion
provision


); and it invites inconsistent outcomes between administrative and legal
proceedings. As the dissent discusses, the consequence of this holding is not only to
distance this court from the vast majority of appeals courts of this state which have
considered the requirements of the Act, but also to distinguish the Act in this
jurisdiction from the many similar statutes in which exhaustion of administrative
remedies is a jurisdictional prerequisite to filing suit.


 
          For the foregoing reasons, I believe the Court should grant rehearing, withdraw
and vacate its August 22, 2003 en banc opinion, and adopt the dissenting opinion as
the opinion of the en banc court.
 
 
Evelyn V. Keyes
                                                                        Justice


The motion was considered by the en banc Court, consisting of Chief Justice Radack
and Justices Hedges, Taft, Nuchia, Jennings, Keyes, Alcala, Hanks, and Higley. Tex.
R. App. P. 49.3.

A majority of the en banc Court voted to deny the motion. Id.

Justice Keyes, dissenting, joined by Justices Taft, Alcala, and Higley. Tex. R. App.
P. 47.5.